**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVELYN NINETH MORAN-ALVAREZ, | No. 22-716 |
| Petitioner, | Agency No. A209-234-395 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023**

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Evelyn Nineth Moran-Alvarez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her applications

for asylum, withholding of removal, and protection under the Convention Against

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Moran-Alvarez does not contest the BIA's determination that she failed to the challenge the IJ's finding that she did not experience harm rising to the level of persecution, we do not address it. *See Lopez-Vasquez v. Holder,* 706 F.3d 1072, 1079-80 (9th Cir. 2013). Substantial evidence supports the agency's conclusion that Moran-Alvarez failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Because Moran-Alvarez failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Moran-Alvarez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Moran-Alvarez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Moran-Alvarez's request for remand based on the IJ's citation to *Matter of A-B-*, 27 I. & N. Dec. 316 (AG 2018) is denied. *See Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) ("Where the BIA conducts a de novo review, any error committed by the IJ will be rendered harmless by the BIA's application of the correct legal standard") (citation and internal quotation marks omitted).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**